UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAFAEL PAREDES,

          Plaintiff,

v.

UNITED AIRLINES, INC., *et al.*,

          Defendants.

Civil Action No. 21-17091 (JXN) (JRA)

**OPINION**

**NEALS**, District Judge

This matter comes before the Court on Defendant United Airlines, Inc.'s ("Defendant" or "United") motion to dismiss Plaintiff Rafael Paredes's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 4.) Plaintiff opposed the motion (ECF No. 7), and Defendant replied in further support (ECF No. 8). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1. For the reasons stated herein, Defendant's motion to dismiss (ECF No. 4) is **GRANTED**.

**I.**  **BACKGROUND**[1]

Plaintiff, a 60-year-old Hispanic man, filed this action against his former employer, United alleging discrimination based on his race and age in violation of the New Jersey Law Against Discrimination ("NJLAD"); retaliation under the NJLAD and Title VII of the Civil Rights Act of 1964 ("Title VII"); and intentional infliction of emotional distress. (*See* generally Complaint ("Compl."), ECF No. 1-1.)

---

[1] For the purposes of the motion to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Plaintiff began working for United on September 17, 1997, as a Customer Service Agent. (Compl. ¶ 9.) Plaintiff states that he "was an exemplary employee with regular wage increase and exemplary performance appraisals and promotions until 2010 when he was promoted to Customer Service Supervisor." (*Id.*)

Plaintiff claims that "everything changed" in 2014 when he was diagnosed with diabetes, an eyesight disability and progression of macular degeneration. (*Id.*) Plaintiff alleges that "upon his [] diagnosis ... he was subjected to poor performance evaluations by his managers Raul Ventura and Cathy Inocenti." (*Id.* ¶ 10.) Plaintiff claims that "[i]n November and December [of] 2016 he was singled out by his supervisor Raul Ventura for poor performance when other similarly situated employees were not." (*Id.* ¶ 11.)

In 2017, Plaintiff suffered a work-related injury and filed a workers' compensation claim. (*Id.* ¶ 12.) Plaintiff alleges that after he filed the worker's compensation claim, he was "subject[ed] to harassment and discrimination on the job by Kate Gebo, Vice President of Employee Relations" and "received undeserved write ups including one dated September 17, 2018, from [his then-manager] Annette Gadson." (*Id.* ¶¶ 13-14.) Plaintiff claims that Annette Gadson 'tried to fire him for no reason." (*Id.* ¶ 15.)

Plaintiff claims that in 2019 "he was given a final warning for purportedly not meeting a plane at the gate which he was not responsible for." (*Id.* ¶ 16.) Plaintiff asserts that what he was asked to do was "a violation of union rules" and a "safety hazard as he would have had to perform duties he was not trained for." (*Id.*) Plaintiff asserts that he reported "this improper activity to his superior and was retaliated against." (*Id.*)

Plaintiff states that "in February 2020, Sandra Cormane criticized Annette Gabson for poor staffing at the departure and arrival gates" and "Annette Gadson blamed [him] for this." (*Id.* ¶ 17.)

During a February 22, 2020 incident, Plaintiff failed to appear at an aircraft gate after there was a change in booking of an aircraft. (*Id.* ¶ 18.) Plaintiff claims that "the lead agent" at that gate "decided" to pay $10,000.00 to each customer "for [the] overbooking without authorization." (*Id.* ¶ 19.) Plaintiff alleges that there were five employees responsible for the February 22, 2020 incident yet "[he] was the only one to be terminated or punished." (*Id.* ¶ 20.) Plaintiff was officially terminated from his employment with United on March 22, 2020. (*Id.* ¶ 23.)

On or about August 25, 2020, Plaintiff filed a formal Charge of Discrimination against United with the Equal Employment Opportunity Commission (the "EEOC Charge"). (ECF No. 4-2, Ex A at 4-5.) In his EEOC Charge, Plaintiff alleged discrimination based on age, disability, and retaliation beginning on February 17, 2019, and ending with Plaintiff's termination on March 24, 2020. (*Id.* at 4.) Plaintiff described the "Particulars" of the alleged discrimination as follows:

> I began my employment with Respondent in 1997, my last held position was Customer Service Supervisor. I made management aware of my disability in the past, regardless of my disclosure management would make comments such as I need someone whom can see, can you see, in December 2019, Supervisor Annette Gadson, asked me to log into my account, I input my password wrong a few times, the supervisor proceeded to tell me you have bad eyes, I need someone who can see, you should retire, can you see better now. I was terminated on March 24, 2020 after an incident where a flight left without authorization, I along with other supervisors were deemed responsible and only I was terminated.
>
> I believe I am a victim of unlawful employment discrimination on the basis of my age (60) and my Disability in violation of the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990, as amended and all applicable state statutes. And ongoing retaliation for having filed a charge with EEOC also a worker's comp and complain about the way I was being treated.

(*Id.* at 4-5.)

On September 5, 2020, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a Dismissal and Notice of Rights ("right-to-sue letter"). (*Id.* at 6.) The EEOC determined that it was "unable to conclude that the information obtaine[d] establishe[d] violations of the

statutes." (*Id.*) The right-to-sue letter further advised Plaintiff that he had ninety days from receipt of said notice to commence a civil action in federal court. (*Id.*)

On August 6, 2021, Plaintiff filed a Complaint in the Superior Court of New Jersey, Essex County against United. (*See* ECF No. 1.) In his Complaint, Plaintiff asserts claims for (1) race discrimination in violation of the NJLAD, (Count One); (2) age discrimination in violation of the NJLAD, (Count Two); (3) retaliation in violation of the NJLAD and Title VII, (Count Three); and (4) intentional infliction of emotional distress, (Count Four). (*See* Compl. ¶¶ 24-40.) Plaintiff did not attach the EEOC Charge or right-to-sue letter to his Complaint. However, the Complaint generally refers to the same general set of grievances that Plaintiff set forth in his EEOC Charge.[2] On September 17, 2021, United timely removed the matter to the District of New Jersey.[3]

United filed the present motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 4.) Plaintiff opposed the motion (ECF No. 7) and Defendant replied in further support (ECF No. 8). The matter is now ripe for the Court to decide.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss for failure to state a claim, the moving party "bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)); *United Van Lines, LLC v.*

---

[2] Plaintiff's Complaint includes a claim for discrimination based on race (*see* Compl. ¶¶ 24-26) which was not alleged in his August 20, 2020 EEOC Charge.

[3] This Court has subject matter jurisdiction based upon diversity of citizenship, pursuant to 28 U.S.C. §§ 1332 and 1441.

4

*Lohr Printing, Inc.*, No. 11–4761, 2012 WL 1072248, at *2 (D.N.J. Mar. 29, 2012).

When reviewing a motion to dismiss for failure to state a claim, courts first separate the factual and legal elements of the claims and accept all the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). While Rule 8(a)(2)[4] does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Thus, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face." *Id.* at 570; *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Ruddy v. U.S. Postal Serv.*, 455 F. App'x 279, 283 (3d Cir. 2011) ( "The Magistrate Judge and District Court properly relied on Ruddy's EEOC file, which

---

[4] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Ruddy referenced in his complaint and which is integral to his claim...."); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993) ("We now hold that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

### III. DISCUSSION

#### A. Plaintiff's Claim for Retaliation under Title VII

Plaintiff alleges that United retaliated against him for filing a workers compensation case and EEOC complaint. (Compl. ¶¶ 34, 35.)[5] To the extent that Plaintiff asserts a claim for retaliation under Title VII, his claim is time-barred.

Under Title VII, before a plaintiff can file suit for race discrimination, he must first file a charge with the Equal Employment Opportunity Commission within 180 days of the occurrence of the alleged unlawful employment practice. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 469 (3d Cir. 2001). The EEOC then will investigate the charge; if it finds that there is no reason for the EEOC to take action, it will then issue what is referred to as a "right-to-sue" letter, "in which the EEOC states that it sees no reason to take action on the complaint." *Id.* at 370 (citing *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984)). "The receipt of the right-to-sue letter indicates that a complainant has exhausted administrative remedies, an essential element for bringing a claim in court under Title VII." *Id.*

Importantly, a complainant may not bring a Title VII lawsuit until he has first received his right-to-sue letter. However, the right-to-sue letter carries with it another requirement: if the individual later chooses to bring a private action himself, it must be filed within 90 days of the

---

[5] While Plaintiff does not clearly identify the federal statute under which he intends to assert his claim, Defendant, in its moving brief, interprets Plaintiff's Complaint as asserting a retaliation claim under both Title VII of and the NJLAD. (*See* ECF No. 4-1 at 9.) The Court, having reviewed the Complaint closely, reaches the same conclusion, and will interpret Plaintiff's Complaint as having asserted his retaliation claim under those two statutes.

6

date on which the complainant has notice of the EEOC's decision not to pursue the administrative charge. *See* 42 U.S.C. § 2000e–5(f)(1). The 90–day period's onset is calculated based on the date on which the complainant receives the right-to-sue letter when that date is known. *Burgh*, 251 F.3d at 470. The Third Circuit has "strictly construed the 90–day period and held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed." *Burgh,* 251 F.3d at 470–71.

Under equitable tolling, "plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999). For example, equitable tolling may be appropriate when a claimant received inadequate notice of her right to file suit; when "the defendant has actively misled the plaintiff; when the plaintiff in some extraordinary way was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum." *Id.* (internal quotation marks omitted).

Here, the Court concludes that Plaintiff's Title VII claim is time barred. Plaintiff received a right-to-sue letter from the EEOC on September 5, 2020. (*See* ECF No. 4-2, Exhibit A at 4-6.)[6] The letter specifically states: "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice.***"* (*Id.* at 6) (emphasis in original.) Plaintiff failed to file the instant action against Defendant within ninety days of the September 5, 2020 EEOC right-to-sue

---

[6] Although Plaintiff did not attach a copy of the right-to-sue letter to his Complaint, the Court will rely upon the EEOC Charge and the Dismissal and Notice of Rights attached as Exhibit A to Defendant's motion to dismiss without converting the instant motion to a motion for summary judgment because the right-to-sue letter is "a document integral to or explicitly relied upon in the complaint." *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see also Jaramillo v. U.S. Dep't of Labor*, No. 07-2031, 2009 WL 689721, at *2 (D.N.J. Mar. 10, 2009) (relying on right-to-sue letter that was not referenced in the complaint because it "is an integral part of a Title VII claim"); *Lafate v. Hosp. Billing & Collections Serv., Ltd.*, No. 03-985, 2004 WL 1960218, at *1 (D. Del. Sept. 1, 2004) (relying on right-to-sue letter that was not attached to complaint without converting motion to dismiss to motion for summary judgment).

letter. (*See* ECF No. 4-2, Ex A at 6.) Indeed, the instant case was not filed until August 6, 2021—well beyond the ninety-day statute of limitations. Moreover, Plaintiff does not dispute the date in which he received the right-to-sue letter in his opposition to Defendant's motion—nor does he identify any basis for equitable tolling despite the fact that it is his burden to do so, *see Dicroce v. Norton,* 218 Fed. Appx. 171, 173–74 (3d Cir.2007) ("[T]he plaintiff bears the burden of proving that equitable tolling applies."). Thus, any claims Plaintiff attempts to bring under Title VII arising out of the August 25, 2020 EEOC Charge, including his retaliation claim under Title VII, are time barred and dismissed with prejudice.

### B. Plaintiff's NJLAD Claims

Plaintiff's claims, found in Counts One, Two and Three of the Complaint, center on a series of alleged violations of the NJLAD by United. Specifically, Plaintiff asserts claims against United for race and age discrimination (Counts One and Two) and retaliation (Count Three) under the NJLAD. The Court considers each claim under the statute.

#### 1. Counts One and Two – Discrimination Based on Race and Age

Plaintiff alleges that United discriminated against him based on his race (Hispanic)[7] and age (60 years old) in violation of the NJLAD. (Compl. ¶¶ 24, 28.)

The NJLAD makes it unlawful for an employer "because of the race … [or] age … of any individual … to discriminate against such individual in compensation or in terms, conditions or privileges of employment." N.J.S.A. 10:5–12. When assessing NJLAD employment discrimination claims, New Jersey courts have adopted the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *See Tourtellotte v. Eli Lilly & Co.,* 636 F. App'x 831, 841 (3d Cir. 2016); *see also Viscik v. Fowler Equip. Co.,* 173 N.J. 1, 13–14

---

[7] It appears that Plaintiff meant his ethnicity rather than race, but the distinction is not material to the Court's analysis.

(2002). Under that framework, to establish a *prima facie* case of discrimination, Plaintiff must show: "(1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action; and (4) that adverse employment action gives rise to an inference of unlawful discrimination." *Tourtellotte*, 636 Fed. Appx. at 842 (citing *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410–11 (3d Cir. 1999)).

However, an employment discrimination plaintiff need not plead a *prima facie* case of discrimination to survive a motion to dismiss. *Caviness v. Aramark Corr. Servs., LLC*, No. CIV. 14-07068 JEI, 2015 WL 1888246, at *2 (D.N.J. Apr. 15, 2015) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002).) A plaintiff need only "plead facts sufficient to meet the standard of Fed. R. Civ. P. 8(a)." *DiTommaso v. Meds. Co.*, 754 F.Supp.2d 702, 705 (D.N.J. 2010). Still, in line with Rule 8(a), *Twombly,* and *Iqbal,* a plaintiff must plead facts that would make his case plausible under the *McDonnell Douglas* framework. *See Wilkerson v. New Media Tech. Charter Sch. Inc.,* 522 F.3d 315, 322 (3d Cir. 2008) ("The plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination.").

Here, Plaintiff has not plead sufficient facts to support his claims of discrimination under the NJLAD. In his Complaint, Plaintiff asserts that he is "60 years-old" and "Hispanic" however, he provides no other allegations in the Complaint that reference his race or age. Further, while Plaintiff's Complaint lists several events that occurred during his tenure with United, they do not give rise to an inference that these events are related to his protected characteristics, and most are tied to a medical condition Plaintiff experienced in 2014 and his filing of a worker's compensation claim in 2017. (*See* Compl. ¶¶ 8-20.) Additionally, the Court notes that many of these events took place between 2014-2018, years before Plaintiff's 2020 termination, and therefore time barred

under the NJLAD, which is subject to a two-year statute of limitations. N.J.S.A. 2A:14-2(a).[8] Thus, while the allegations in Plaintiff's Complaint may establish that he is a member of two protected classes, the Complaint does not contain sufficient facts to support an inference that United intentionally discriminated against him based on his race or age. The Court notes that Plaintiff need not prove the elements of a *prima facie* employment discrimination claim in his pleadings, however, he must provide factual allegations from which the Court could draw a reasonable inference that United engaged in unlawful discrimination. Plaintiff's race/ethnicity and age, along with the fact that he was terminated by United, do not alone support that inference. Plaintiff has failed to state a viable claim for discrimination under the NJLAD. Accordingly, Counts One and Two of the Complaint are dismissed.

### 2. Count Three - Retaliation

Next, turning to Plaintiff's retaliation claim under the NJLAD.[9] (Compl. ¶¶ 32, 34.) Plaintiff alleges that United's "illegal decision to fire the [him] was [sic] purportedly for acting inappropriately was untrue, and in reality it was a pretext and in retaliation because plaintiff had filed a workers compensation case and EEOC complaint." (Compl. ¶ 34.)

The NJLAD states that it is an unlawful employment practice for "any person to take reprisals against any person because that person has opposed any practices or acts forbidden under [the] act or because that person has filed a complaint." N.J.S.A. § 10:5-12(d). To state a claim for retaliation under the NJLAD, a plaintiff must show that: "(1) he or she engaged in protected conduct known to the defendant; (2) he or she was subjected to an adverse employment decision;

---

[8] Plaintiff has not raised any arguments for equitable tolling of the limitations period for his NJLAD claims, nor are any clear from the face of his Complaint.

[9] In Count III, Plaintiff alleges retaliation in violation of both Title VII and NJLAD, however, as the Court has already addressed Plaintiff's Title VII claims, *supra*, the Court will only analyze Plaintiff's retaliation claim under the NJLAD.

and (3) there was a "causal link" between the protected activity and the adverse decision." *Marrero v. Camden Cnty. Bd. of Soc. Servs.*, 164 F.Supp. 2d 455, 472–73 (D.N.J. 2001) (*citing Shepherd v. Hunterdon Developmental Center*, 336 N.J. Super. 395, 765 A.2d 217 (2001); *Romano v. Brown & Williamson Tobacco Corp.*, 284 N.J. Super. 543, 665 A.2d 1139 (1995)).

Plaintiff alleges that after filing a workers' compensation claim in 2017 he "was subject to harassment and discrimination on the job by Kate Gebo, Vice President of Employee Relations," that "[h]e [] received undeserved writeups including one dated September 17, 2018 from Annette B. Gadson," and that "[] Gabson[,] his manager at that time[,] tried to fire [him] for no reason." (Compl. ¶¶ 13, 14, 15.) The Court first notes that The filing of a worker's compensation claim involves the pursuit of benefits or wages by the employee. It does not involve an employee opposing a discriminatory employment practice." *Davis v. Supervalu, Inc.*, No. CIV. 13-414 JBS/JS, 2013 WL 1704295, at *4 (D.N.J. Apr. 19, 2013). Thus, filing of a worker's compensation claim, without more, is not considered protected activity and is "insufficient to establish a retaliation claim under the NJLAD." *Id.* Here, Plaintiff does not offer any allegations that the individuals responsible for Plaintiff's termination were even aware of the claim. Additionally, Plaintiff's worker's compensation claim was filed in 2017, three years prior to his termination. Consequently, Plaintiff fails to provide the necessary causal link between the complained of activity and the adverse employment action, especially in light of the fact that Plaintiff's claim was filed in 2017 and his 2020 termination are so far apart as to not even fall within the NJLAD's two-year statute of limitations. N.J.S.A. 2A:14- 2(a).

Similarly, Plaintiff cannot rely upon his filing an EEOC charge to support his retaliation claim. The Complaint is devoid of any allegations concerning how the EEOC charge is tied to the alleged adverse action United took against Plaintiff. As indicated above, to state a plausible claim,

11

Plaintiff must show a causal connection between the protected activity and the adverse employment actions he allegedly suffered, and the conclusory and general mention of an EEOC charge is simply insufficient.

Ultimately, Plaintiff's Complaint fails to establish the necessary causal link between the protected conduct and the adverse employment action. Accordingly, the Court finds that Plaintiff has failed to plausibly allege a retaliation claim under the NJLAD and Count Three of the Complaint must be dismissed.

### C. Plaintiff's Claim for Intentional Infliction of Emotional Distress

In Count Four of the Complaint, Plaintiff asserts a claim for intentional infliction of emotional distress. Specifically, Plaintiff alleges that "[t]he wrongful conduct of the defendant United Airlines, its agents, servants and employees and other defendants [sic] were intentional, reckless and outrageous. The conduct was extreme and outrageous and caused the plaintiff to suffer from serious medical conditions." (Compl ¶ 38.) Defendant argues that "[t]hese generic allegations do not meet the high threshold of outrageousness required for a claim of intentional infliction of emotional distress under New Jersey law." (ECF No. 4-1 at 14.) The Court agrees.

Under New Jersey law, to establish a *prima facie* claim for intentional infliction of emotional distress, a plaintiff must show: "(1) that the defendant intended to cause emotional distress; (2) that the conduct was extreme and outrageous; (3) that the actions proximately caused emotional distress; and (4) the emotional distress that plaintiff suffered was so severe that no reasonable person could be expected to endure it. *Weber v. Don Longo Inc.*, No. CV 15-2406, 2018 WL 1135333, at *18 (D.N.J. Mar. 2, 2018); *Buckley v. Trenton Saving Fund Soc.*, 111 N.J. 355, 366 (1988). "An intentional infliction of emotional distress claim is rarely dismissed on a motion to dismiss." *Acevedo v. Monsignor Donovan High Sch.*, 420 F. Supp. 2d 337, 349 (D.N.J. 2006).

A plaintiff will not satisfy the above elements, however, by merely demonstrating a defendant acted "unjust, unfair and unkind." *Fregara v. Jet Aviation Bus. Jets*, 764 F. Supp. 940, 956 (D.N.J. 1991).

Here, Plaintiff has not alleged facts suggestive of such outrageous and extreme conduct; the closest Plaintiff comes to pleading such facts are his allegations that he received "poor performance evaluations," was "singled out … for poor performance," "subjected to harassment and discrimination," and "undeserved writeups" from his former supervisors (Compl. ¶¶ 10, 11, 13-16.) Such statements are merely "labels and conclusions" that do not meet even the undemanding requirements of Rule 8. There are simply no facts in the Complaint that would support a claim of intentional infliction of emotional distress against Defendant. Accordingly, Plaintiff's claim for intentional infliction of emotional distress will be dismissed.

### IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 4) is **GRANTED**. Plaintiff's claim for retaliation under Title VII is dismissed with prejudice as timed barred. Counts One, Two, Three and Four are dismissed without prejudice and with leave to amend within thirty (30) days from entry of the Order accompanying this Opinion. In crafting an amended complaint, however, the Court requires Plaintiff to take note of the claim elements and deficiencies outlined in this Opinion and then to re-assert only those claims for which he can allege the necessary facts in support of each essential element. An appropriate Form of Order accompanies this Opinion.

DATED: February 6, 2023

JULIEN XAVIER NEALS
United States District Judge