## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RAFAEL PAREDES,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED AIRLINES, RAUL VENTURA, JOHN DOES 1-20, FICTITIOUS BUSINESS ENTITIES and TOM ROE 1-19 FICTITIOUS PERSONS,<br><br>        Defendants. | Civil Action No. 2:21-cv-17091-JXN-JSA<br><br>**CLERK'S ORDER GRANTING DEFENDANT'S MOTION TO TAX COSTS UNDER FED. R. CIV. P. 54(d)(1), LOCAL CIV. R. 54.1 & 28 U.S.C. § 1920** |

       This is Defendant United Airlines, Inc.'s ("United") motion to tax costs against Plaintiff Rafael Paredes under Federal Rule of Civil Procedure 54(d)(1), Local Civil Rule 54.1, and 28 U.S.C. §§ 1920 & 1924 [Dkt. Entry #60], filed after the Court dismissed with prejudice Plaintiff's second amended complaint. [Dkt. Entry #55]. On or about September 17, 2021, United removed this workplace discrimination and retaliation action to this Court based on both diversity and federal question jurisdiction. [Dkt. Entry #1]. Though the Court granted Defendants' initial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), [Dkt. Entry #4 & #24], the Court also permitted Plaintiff leave to amend several counts of his complaint [Dkt. Entry #24]. After Plaintiff amended his complaint [Dkt. Entry #28], Defendants filed another motion to dismiss. [Dkt. Entry #30]. While that motion was pending, the parties stipulated to the filing of a second amended complaint, which then prompted Defendants to file another motion to dismiss. [Dkt. Entry #43, #45 & #46.] After that motion was granted and the second amended complaint was dismissed with prejudice [Dkt. Entry #55], this motion followed [Dkt. Entry #60].

Now, United timely moves for taxable costs in the total amount of $650.41, seeking fees for the removal of this action to this Court as well as fees and disbursements for printing of Plaintiff's medical records. Plaintiff does not oppose this motion.

### I.      Legal Standards

Federal Rule of Civil Procedure 54(d)(1) provides that "costs . . . should be allowed to the prevailing party." *See also* Local Civ. R. 54.1 (a) (providing in relevant part that "the prevailing party shall serve on the attorney for the adverse party and file with the Clerk a Bill of Costs and Disbursements . . . ."). Local Civil Rule 54.1(a) sets forth this District's specific requirements for the recovery of costs.

Under these Rules, the Clerk is authorized to reimburse only for the costs set forth in 28 U.S.C. § 1920.  Specifically, the Clerk may reimburse a "prevailing party" for the following types of costs:

  (1) Fees of the clerk and marshal;
  (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
  (3) Fees and disbursements for printing and witnesses;
  (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
  (5) Docket fees under section 1923 of this title; and
  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

§ 1920.   Though a prevailing party enjoys a strong presumption in favor of an award of costs, that party bears the burden of demonstrating that the requested costs are recoverable under § 1920. *E.g., Romero v. CSX Transp., Inc.*, 270 F.R.D. 199, 201-02 (D.N.J. 2010).  Where the prevailing party demonstrates that a cost is taxable under Section 1920, the Clerk should generally grant the application unless the non-prevailing party proffers evidence demonstrating why the cost should be reduced or denied. *Reger v. The Nemours Foundation, Inc.*, 599 F.3d 285, 288-89 (3d Cir. 2010).

Though the Clerk need not draft an opinion explaining the basis for allowing the taxation of costs, it must articulate its reasons for denying or reducing costs to a prevailing party. *Id.* at 288-89. Still, even though the prevailing party is afforded a favorable presumption, the Third Circuit has observed that because the discretion to shift costs is limited statutorily, the costs to which a prevailing party is entitled under Rule 54 "often fall short of the party's actual litigation expenses." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3d Cir. 2000). The Clerk's obligation, even on an unopposed motion, is to scrutinize all requested costs to ensure any award is within statutory limits.

## II. Fees of the Clerk, § 1920(1)

United seeks reimbursement of the $402.00 fee for filing a Notice of Removal with the Court on September 17, 2021. [Dkt. Entry #1]. When this action was removed, the filing fee for removal in this District was $402.00. This fee is an allowed taxable cost under 28 U.S.C. § 1920(1), and Plaintiff does not contest that United is entitled to reimbursement of this cost. Therefore, the Clerk permits $402.00 as a taxable cost.

## III. Fees and Disbursements for Printing, § 1920(4)

United further requests reimbursement of $248.41 for fees and disbursements for copies of Plaintiff's medical records. While United categorizes this as a cost of printing under § 1920(3), the Clerk views this charge as the "cost[] of making copies," within the meaning of subsection (4) of § 1920. *See Race Tires Am., Inc.* ("*Race Tires*") *v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 166 (3d Cir. 2012). Even so, this does not change the analysis here.

United has submitted copies of three separate invoices for copies of Plaintiff's medical records totaling $248.41. These charges involve the "physical preparation and duplication of documents" that is contemplated under § 1920(4). *Id.* at 169. Therefore, the Clerk permits $248.41 as a taxable cost.

## IV. Summary

For all of the reasons explained above, the Clerk grants in full United's motion for taxation of costs in the amount of $650.41.

Dated:  June 4, 2024

By: s/Melissa E. Rhoads
Clerk of Court